UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSE D. WALLIN, SR.,<br><br>  Petitioner,<br><br>vs.<br><br>SCOTT CORNWELL,<br><br>  Respondent. | NO. CV-13-005-LRS<br><br>ORDER DISMISSING FIRST AMENDED PETITION |

BEFORE THE COURT is Petitioner's First Amended Petition, naming Scott Cornwell, a Probation Director, as Respondent. An amended pleading supercedes the original, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), and must be complete in itself without reference to the prior or superceded pleading. Therefore, "[a]ll causes of action alleged in an original [petition] which are not alleged in an amended [petition] are waived." *King*, 814 F.2d at 567 (*citing to London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981)). Accordingly, the District Court Executive is **DIRECTED** to terminate State of Washington as Respondent to this action and to **ADD** Scott Cornwell.

Petitioner indicates that he is a resident of Newport, Washington. He is proceeding *pro se* and has paid the filing fee for this action. According to documents attached to the First Amended Petition, Mr. Wallin received a Suspended Sentence on September 19, 2012, for the crime of Driving Under the Influence. Petitioner's Exhibit D, ECF No. 5 at pages 19-22. The Pend Oreille County Prosecutor's Office has apparently sought to impose the Suspended Sentence for violations of Petitioner's conditions of Probation. Petitioner's

ORDER DISMISSING FIRST AMENDED PETITION -- 1

Exhibit C, ECF No. 5 at pages 17-18. Because Mr. Wallin is subject to the revocation of his probation and the imposition of a Suspended Sentence, his liberty is conditional and he therefore meets the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3) & 2254(a). *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

A habeas petitioner, however, must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Mr. Wallin has failed to set forth any grounds which would entitle him to federal habeas relief. First, Petitioner asserts: "Scott Cornwell assigned and is probation officer for Department of Corrections and is the over seer in this case." Under ground two Petitioner asserts: "Scott Cornwell; copy of order quashing bench warrant and setting new trial." In his third ground for relief Petitioner states: "I am a retired federal employee of the federal government, I am being fined, taxe [sic] by the state government."

None of these "grounds" presents a constitutional violation which would entitle Mr. Wallin to federal habeas relief. Rather, it appears Petitioner is attempting to complain about an arrest warrant which was issued when Plaintiff failed to comply with the terms of his release. According to Plaintiff's attachments, however, a bench warrant which was issued because Petitioner had failed to appear for a hearing was revoked on February 1, 2013, and all other bench warrants were quashed. Petitioner's Exhibits A&B, ECF No. 5 at pages 15-16. Mr. Wallin also appears to be complaining of the impact the restitution provision of his Judgment and Sentence are having on his personal finances.

Mr. Wallin is advised that a federal habeas court is not the proper forum in which to raise issues challenging a conviction or sentence for the first time. Indeed, before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the State Supreme Court. A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal

ORDER DISMISSING FIRST AMENDED PETITION -- 2

court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994). The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law. *Anderson v. Harless*, 459 U.S. 4 (1982); *Harris v. Pulley*, 852 F.2d 1546, 1569-71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990). Moreover, a petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition. It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled. *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964). Plaintiff admits he did not appeal his conviction or sentence and he has stated that several of his "grounds" for relief are "new issues." Therefore, it is evident from the face of the First Amended Petition that Mr. Wallin has not fully exhausted his state court remedies.

In addition, federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003).

Every prong of the *Younger* abstention doctrine favors abstention in this habeas action. There appears to be an ongoing state criminal proceeding. Petitioner has been

ORDER DISMISSING FIRST AMENDED PETITION -- 3

convicted of Driving Under the Influence, a matter of state interest, and any constitutional issues may be adequately litigated in the Pend Oreille County Superior Court. In addition, Mr. Wallin has the opportunity and means to challenge the fairness of his criminal trial or the revocation of his probation in the state appellate system, and through subsequent state and federal habeas corpus proceedings if necessary.

At this time, **IT IS ORDERED** Mr. Wallin's First Amended Petition, ECF No. 5, is **DISMISSED without prejudice** to properly presenting his claims to the appropriate state courts. The District Court Executive shall enter judgment in favor of Respondent and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this   1st   day of March, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED PETITION -- 4